# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

OWEN NICHOLS,

                                                    Plaintiff,

                v.                                              9:17-CV-156
                                                                (DNH/ATB)
PATRICK J. ALLEN, et al.,

                                                    Defendant.

OWEN NICHOLS, Plaintiff, pro se
WILLIAM A. SCOTT, Asst. Attorney General for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Court Judge.  In his amended civil rights complaint, plaintiff alleges that the defendants used excessive force against him on May 2, 2016, in violation of the Eighth Amendment. (Amended Complaint ("Am. Compl.") at 2-3) (Dkt. No. 7).

Presently before the court is the plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. Nos. 21, 25).  Defendants have responded in opposition to the motion. (Dkt. No. 28).

## I.    Relevant Facts and Procedural History

Plaintiff was an inmate at the Attica Correctional Facility prior to his release on July 13, 2017. (Am. Compl. at 1; Dkt. No. 24).  He alleges that defendants Allen and Bezio assaulted him during a cell escort on May 2, 2016, while six additional defendant correctional officers either participated in the "gang assault" or failed to intervene to

protect plaintiff from further harm. (Am. Compl. at 2-3).  Plaintiff filed a civil rights

complaint pursuant to 42 U.S.C. § 1983 on February 13, 2017, seeking monetary

damages for the alleged violations of his Eighth Amendment rights. (Dkt. No. 1).  He

filed a proposed amended complaint on March 27, 2017, and moved for leave to

proceed in forma pauperis ("IFP") on April 5, 2017. (Dkt. Nos. 7, 8).  I accepted

plaintiff's amended complaint for filing, and granted plaintiff's IFP application on

April 6, 2017. (Dkt. No. 9).

Defendants filed an answer to the complaint on June 12, 2017. (Dkt. No. 17).  On

June 14, 2017, I issued a Mandatory Pretrial Discovery and Scheduling Order (Dkt. No.

18).  In relevant part, this order provided that discovery, including depositions, should

be completed by December 17, 2017, and set a deadline for dispositive motions of

February 16, 2018. (*Id.*)

On June 27, 2017, plaintiff filed a motion for summary judgment as to all

defendants. (Dkt. No. 21).  This motion did not include a memorandum of law or

statement of material facts, as required by the local rules. (Dkt. No. 22).  On June 28,

2017, I granted plaintiff thirty days to file the required documents. (*Id.*)  Plaintiff did so

on July 31, 2017. (Dkt. No. 25).  On August 21, 2017, defendants filed a response in

opposition to plaintiff's summary judgment motion. (Dkt. No. 28).

## II.  **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material

fact and, based on the undisputed facts, the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir.

2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

## III.   <u>Excessive Force</u>

### A.   **Legal Standards**

Inmates enjoy Eighth Amendment protection against the use of excessive force, and may recover damages under 42 U.S.C. § 1983 for a violation of those rights. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). To sustain a claim of excessive force, a

3

plaintiff must establish the objective and subjective elements of an Eighth Amendment claim. *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).

In order to satisfy the objective element of the constitutional standard for excessive force, a defendant's conduct must be "'inconsistent with the contemporary standards of decency.'" *Whitely v. Albers*, 475 U.S. 312, 327 (1986) (citation omitted); *Hudson*, 503 U.S. at 9. The malicious use of force to cause harm constitutes a per se Eighth Amendment violation, regardless of the seriousness of the injuries. *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000) (citing *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999)). However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" *Sims*, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." *Id*. at 21 (citation omitted). The Supreme Court has recently re-emphasized that the "core judicial inquiry" is not whether a certain quantum of injury was sustained, but rather whether the force was applied in a good faith effort to restore discipline, or whether it was applied maliciously to cause harm, regardless of the seriousness of the injury. *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam).

4

In determining whether defendants acted in a malicious or wanton manner, the Second Circuit has identified five factors to consider: the extent of the injury and the mental state of the defendant; the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003). The extent of the injury may be considered as one factor in determining whether the use of force could plausibly have been thought "necessary" in a particular situation. *Wilkins v. Gaddy*, 559 U.S. 37-38, 40. The extent of the injury may also give some indication of the amount of force applied and may ultimately be considered in determining damages if appropriate. *Id.*

### B.    Application

Defendants contend that plaintiff has not met his burden of demonstrating that there is no genuine issue of material fact with respect to his excessive force claims, and has not shown that he is entitled to judgment as a matter of law. This court agrees with defendants, and recommends that plaintiff's motion for summary judgment be denied.

This court has reviewed all of the documents filed in support of plaintiff's motion, including exhibits. (Dkt. Nos. 21-1, 21-2, 25). Plaintiff has recited the standards for exhaustion of administrative remedies and assertion of an Eighth Amendment claim in federal court, but his motion papers never actually explain why plaintiff is entitled to summary judgment as a matter of law. *See, e.g.,* Dkt. No. 21-1, at 7-12. Although defendants have not filed any motions to date, plaintiff also recites the

standard for overcoming a motion to dismiss and asserts that he has "succeeded in pleading the basic cause of action."[1] (Dkt. No. 21-1, ¶ 15).

In their answer, defendants denied all of plaintiff's excessive force and failure to intervene claims. (Dkt. No. 17, ¶ 4-5). They also identified numerous factual disputes in their counter-statement of facts filed pursuant to L.R. 7.1(a)(3). (Dkt. No. 28-2). Plaintiff's conclusory statements in his motion papers that defendants violated his Eighth Amendment rights do not eliminate the outstanding material questions of fact in this case.

Plaintiff filed his summary judgment motion almost six months prior to the scheduled close of discovery in this case. (Dkt. No. 18). Accordingly, defendants have also argued that the motion should be denied pursuant to Fed. R. Civ. P. 56(d), because they have been prevented from obtaining facts essential to their opposition to the motion, via deposition or other discovery. (Def. Br. at 8). This court declines to address this issue, given plaintiff's obvious failure to meet his burden on summary judgment, and the lack of specificity in defendants' opposition papers on this issue.[2]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion for summary judgment (Dkt. Nos.

---

[1] Although most of his papers are captioned as a motion for summary judgment, plaintiff captioned his Memorandum of Law as one "In Support Not to Dismiss the Amended Complaint [*sic*]." (Dkt. No. 25).

[2] Defendants' memorandum of law generally explained their need to conduct further discovery, including the deposition of plaintiff, but defendants did not file a declaration or affidavit that specifically addressed the factors set forth in Fed. R. Civ. P. 56(d). (Dkt. Nos. 28, 28-3). *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (denying request for additional discovery to respond to summary judgment motion where non-moving party did not provide declaration that satisfied former Fed. R. Civ. P. 56(f)).

21, 25) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:      October 19, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge

7