UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OWEN NICHOLS,

                              Plaintiff,

v.                                           9:17-CV-156
                                                              (DNH/ATB)

PATRICK J. ALLEN, et al.,

                              Defendant.

---

OWEN NICHOLS, Plaintiff, pro se
WILLIAM A. SCOTT, Asst. Attorney General for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).  Presently before this court is the defendants' motion to dismiss for lack of prosecution and/or for costs pursuant to Fed. R. Civ. P. 37(b). (Dkt. No. 35).  Defendants move to dismiss plaintiff's complaint based on his failure to appear for two noticed depostions, including his failure to comply with this court's order to appear for the second deposition, after defendants' first motion to dismiss/compel. (*Id.*)

Plaintiff has opposed the defendants' motion. (Dkt. No. 39, 41).  Plaintiff has also filed a motion for "an Order Granting Stipulation of Settlement and Order of Dismissal." (Dkt. No. 40).  Finally, plaintiff has filed a document, entitled "Objections and Subjective Elements," which appears to be a document requesting summary

judgment in his favor.[1] (Dkt. No. 43). Defendants have filed a reply. (Dkt. No. 44).

**I.  Facts and Procedural History**

Plaintiff was an inmate at the Attica Correctional Facility prior to his release on July 13, 2017. (Am. Compl. at 1; Dkt. No. 24). He alleges that defendants Allen and Bezio assaulted him during a cell escort on May 2, 2016, while six additional defendant correctional officers either participated in the "gang assault" or failed to intervene to protect plaintiff from further harm. (Am. Compl. at 2-3). Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 13, 2017, seeking monetary damages for the alleged violations of his Eighth Amendment rights. (Dkt. No. 1). He filed a proposed amended complaint on March 27, 2017, and moved for leave to proceed in forma pauperis ("IFP") on April 5, 2017. (Dkt. Nos. 7, 8). I accepted plaintiff's amended complaint for filing, and granted plaintiff's IFP application on April 6, 2017. (Dkt. No. 9).

Defendants filed an answer to the amended complaint on June 12, 2017. (Dkt. No. 17). On June 14, 2017, I issued a Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 18). In relevant part, this order provided that discovery, including depositions, should be completed by December 17, 2017, and set a deadline for dispositive motions of February 16, 2018. (*Id*.)

On June 27, 2017, plaintiff filed a motion for summary judgment as to all defendants. (Dkt. No. 21). This motion did not include a memorandum of law or

---

[1] This document may be objections to my October 19, 2017 recommendation to deny the plaintiff's motion for summary judgment. The court notes that a copy of my recommendation was returned "unclaimed" to the court on December 4, 2017, and the Clerk sent another copy of the Report-Recommendation to plaintiff after he filed his December 12, 2017 change of address. (Dkt. No. 34).

statement of material facts, as required by the local rules. (Dkt. No. 22). On June 28, 2017, I granted plaintiff thirty days to file the required documents. (*Id.*) Plaintiff did so on July 31, 2017. (Dkt. No. 25). On August 21, 2017, defendants filed a response in opposition to plaintiff's summary judgment motion. (Dkt. No. 28). On October 19, 2017, I recommended denying plaintiff's motion. (Dkt. No. 29). That recommendation is still pending with the District Judge.

As discussed more fully below, defendants scheduled the first deposition for September 26, 2017, and after plaintiff failed to appear, asked the court to dismiss plaintiff's case or compel discovery. (Dkt. No. 30). I denied defendants' motion to dismiss, but compelled plaintiff to appear for a rescheduled deposition. (Dkt. No. 31). Defendants scheduled the second deposition for December 2, 2017, but plaintiff did not appear for the rescheduled deposition. Defendants now request dismissal of this action as a discovery sanction.

## II. Discovery Sanctions

### A. Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer*

*Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

**B.     Application**

Plaintiff opposes the defendants' motion to dismiss by implying that he was incarcerated in Pennsylvania, so he could not attend his depositions. (Dkt. No. 39). The court uses the word "implying" because plaintiff states that defendants' motion should be denied because "defendant's [sic] counsel only sought to illustrate NYSDOCCS release statis and noy NYCDOCS and or nor [sic] out of state incarceration. As reason plaintiff unable to attend or even appear at deposition hearing." (Dkt. No. 39 at 2). Plaintiff cites to his Exhibit B as support for his vague statement. (*Id.*)

Plaintiff's response includes both an Exhibit A and an Exhibit B. Exhibit A is a "Preliminary Arraignment/Hearing Notice," scheduling a hearing in the Adams County Court of Common Pleas in Gettysburg, Pennsylvania for November 27, 2017. (Pl.'s Ex. A). Exhibit B is a Notice of Violation of plaintiff's conditions of release imposed by a New York State court. Plaintiff signed the form on November 22, 2017 and requested a preliminary hearing. (Pl.'s Ex. B).

In his memorandum of law, plaintiff does not include any other dates. (Dkt. No. 41). He states that he was an inmate in the Adams County Jail in Pennsylvania, and then he was extradited to Rikers Island. (*Id.*) Plaintiff states that he filed a notice of his

4

changed address with the court. (Dkt. No. 34, dated 12/12/17). Plaintiff states that he still awaiting to be deposed by defendant's counsel and is "more than willing" to attend a deposition, but the defendant has not submitted a "motion to depose plaintiff." (Dkt. No. 41, ¶¶ 11-13). Plaintiff states that he was due to be released on February 22, 2018 and would file a change of address at that time.[2] (Dkt. No. 41, ¶¶ 14-15).

The problem with plaintiff's argument regarding the first deposition is that the deposition was noticed on August 14, 2017 and scheduled for September 26, 2017. (Scott Aff. Ex. A). Plaintiff had not filed any change of address at that time, and it was long before any dates that plaintiff has associated with his incarceration in Pennsylvania. Defendants state that, at no time prior to September 26, 2017 did plaintiff object to the time, date, or location of the deposition, nor did he object in any other way. (Dkt. No. 35-1 at 5-6). However, plaintiff failed to appear at the scheduled deposition.

Although plaintiff alleges that defendants never filed a motion to depose him, nor did they request a court order, the Court's Mandatory Pretrial Scheduling Order ("PTO"), dated June 14, 2017 specifically states that the defendants "are granted leave to take the deposition of plaintiff. . . ." (Dkt. No. 18 at 4). No further order was necessary. In any event, on October 27, 2017, defendants filed a letter-motion, requesting dismissal based on plaintiff's failure to appear at his deposition, or in the alternative, an order compelling his attendance at a rescheduled deposition. (Dkt. No. 30).

---

[2] Plaintiff's address is still listed with the court as Downstate Correctional Facility, so it appears that plaintiff was not released on February 22, 2018.

Rather than recommend dismissal, I issued a Text Order, granting the defendant's motion to compel plaintiff to submit to a deposition in Albany. (Dkt. No. 31 - Text Order dated 10/30/17). In my Text Order, I noted that DOCCS records indicated that plaintiff was still on "Released" status and the docket did not reflect that any mail sent to plaintiff had been refused or returned. I also stated that, if plaintiff could demonstrate that it would be a hardship to travel to Albany for a deposition, he should so inform the court, and the court would reconsider the location. Finally, I directed the plaintiff to appear and participate in the rescheduled deposition, warning him that his failure to do so, to update the court with any change in contact information, or to otherwise fail to obey the orders of the court could result in sanctions, including dismissal of his case. (*Id.*)

Based on my order, defendants served plaintiff with a second Notice of Deposition on November 7, 2017. (Scott Aff. Ex. C). Defense counsel scheduled the deposition for December 1, 2017 at the Office of the Attorney General in Albany. (*Id.*) Plaintiff was also provided a copy of my Text Order, together with the Notice of Deposition. (*Id.*) Plaintiff did not appear for the rescheduled deposition and failed to inform defense counsel or the court of any reason that he could not attend. Plaintiff filed his "change of address" on December 12, 2017. (Dkt. No. 34). The change of address stated that it was "effective" 12/12/17, but it was for a change of address in New York State. (*Id.*) There is no change of address filed for a time when plaintiff was purportedly incarcerated in Pennsylvania.

Although plaintiff was warned prior to the first deposition that his failure to

6

appear would result in sanctions, and he may have received this court's order compelling plaintiff to appear at his rescheduled deposition, it is apparent that plaintiff was, in fact, incarcerated in Pennsylvania at the time of the rescheduled deposition, and he was not brought back to New York State until after December 1, 2017. In addition, it appears that when he was returned to New York State, he was incarcerated. Thus, plaintiff was unable to attend his rescheduled deposition, even though the court had ordered him to do so.

The court must point out that it is not condoning plaintiff's failure to keep the court apprised of his whereabouts and his changes of address. Clearly, he failed to inform the court that he was in Pennsylvania. However, the court will not recommend imposing the harshest sanction of dismissal, because, even though the court ordered him to attend the second deposition, it appears that he legitimately was unable to attend. Thus, the court will afford plaintiff one more chance to be deposed. He has stated his willingness to answer the defendants' questions. At this time, the court will also decline to impose costs on plaintiff.

### III. Additional Motion

Plaintiff has also filed some additional documents, including a currently-pending motion that this court must address. Plaintiff seems to believe that it is appropriate to file "stipulations" of dismissal and settlement for the court's "approval," when there are no such stipulations, and defendant has clearly stated that settlement is not an option at this time. (*See* Dkt. Nos. 36-38, 40). Plaintiff filed his first "Stipulation" on January 9, 2018, and Judge Hurd struck the document from the record. (Dkt. Nos. 36, 38).

Plaintiff filed his current "motion" for the same relief on January 18, 2018. (Dkt. No. 40). Plaintiff subsequently requested a "Settlement Conference," which I denied because defendants indicated that such a conference would not be productive at this time. (Dkt. Nos. 45, 49, 50).

Based on Judge Hurd's striking of plaintiff's first attempt at filing such a request, and defendants' statement that settlement is not an option at this time, I will also deny plaintiff's currently pending "motion" for an "Order," granting a "Stipulation of Settlement and Order of Dismissal." (Dkt. No. 40).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for failure to prosecute and/or for sanctions (Dkt. No. 35) is **DENIED WITHOUT PREJUDICE**, and it is

**ORDERED**, that plaintiff

**(1) SHALL APPEAR AND PARTICIPATE AT ANY DEPOSITION RESCHEDULED AND PROPERLY NOTICED BY DEFENDANTS AT A LOCATION DETERMINED BY DEFENSE COUNSEL IN VIEW OF PLAINTIFF'S CURRENT INCARCERATION. PLAINTIFF'S FAILURE TO APPEAR FOR AND PARTICIPATE IN SUCH DEPOSITION, MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING THE POSSIBLE DISMISSAL OF HIS ACTION.**

**(2) PLAINTIFF IS ALSO DIRECTED TO UPDATE HIS CONTACT INFORMATION WITH THE COURT AND DEFENSE COUNSEL. HIS FAILURE TO UPDATE THE COURT OF ANY CHANGE IN HIS CONTACT**

**INFORMATION, OR OTHERWISE TO FAIL TO OBEY THE ORDERS AND DIRECTIVES OF THE COURT MAY ALSO RESULT IN THE DISMISSAL OF HIS ACTION. IF PLAINTIFF IS RELEASED, HE SHALL IMMEDIATELY NOTIFY THE COURT AND DEFENSE COUNSEL SO THAT DEFENSE COUNSEL MAY ESTABLISH AN APPROPRIATE LOCATION FOR THE DEPOSITION**, and it is

**ORDERED**, that plaintiff's motion for an order granting "Stipulation of Settlement and Order of Dismissal (Dkt. No. 40) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 1, 2018

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge