UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

OWEN NICHOLS,

                                      Plaintiff,

   vs.                                                          9:17-CV-156
                                                                                (DNH/ATB)

PATRICK J. ALLEN, et al.,

                                    Defendants.

---

OWEN NICHOLS, Plaintiff pro se
WILLIAM A. SCOTT, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is the defendants' motion to dismiss for lack of prosecution and/or for sanctions pursuant to Fed. R. Civ. P. 37(d) & 41(b). (Dkt. No. 70). Plaintiff has not responded in opposition to the motion. For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint if plaintiff fails to file meritorious objections to this Report-Recommendation, as discussed below.

**I.**    **Relevant Facts and Procedural History**

While incarcerated, plaintiff filed a proposed Amended Complaint in this action on March 27, 2017, alleging that defendants used excessive force against him while he was housed at Attica Correctional Facility. (Dkt. No. 7). On April 6, 2017, I granted plaintiff's motion for in forma pauperis ("IFP") status, and accepted the Amended Complaint, following an initial screening. (Dkt. No. 9).

Defendants filed an answer to the complaint on June 12, 2017. (Dkt. No. 17). On June 14, 2017, I issued a Mandatory Pretrial Discovery and Scheduling Order ("MPSO"). (Dkt. No. 18). In relevant part, this order provided that discovery, including depositions, should be completed by December 17, 2017, and set a deadline for dispositive motions of February 16, 2018. (*Id*.) It also warned that the failure of plaintiff to attend, be sworn, and answer appropriate questions at his deposition "may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37. (*Id*. at 5).

On August 14, 2017, defendants served a Notice of Deposition on plaintiff, to appear at a deposition scheduled for September 26, 2017 at 9:30 a.m. (Dkt. No. 35-6, Declaration of William Scott, dated December 29, 2017 ("2017 Scott Decl.") ¶ 6). Plaintiff failed to appear for the scheduled deposition, and made no other contact with defendants. (2017 Scott Decl. ¶ 7). On October 27, 2017, defendants moved for dismissal based on plaintiff's failure to appear at his deposition, or in the alternative, an order compelling plaintiff's attendance at a rescheduled deposition. (Dkt. No. 30).

Rather than recommend dismissal, I issued a text order on October 30, 2017, granting defendants' motion to compel plaintiff to submit to a deposition in Albany. (Dkt. No. 31). My order warned plaintiff that "failure to appear and participate in such deposition, to fail to update the court of any change in his contact information, or otherwise to fail to obey the orders and directives of the court may result in the imposition of sanctions, including the possible dismissal of his action." (Dkt. No. 31). I also advised plaintiff that this court would reconsider the location and timing of the deposition if he demonstrated that it would be a substantial and undue hardship to travel to defendants' counsel's office in Albany, New York for the deposition. (*Id*.)

2

Based on my order, defendants served plaintiff with a second Notice of Deposition on November 7, 2017. (2017 Scott Decl. ¶ 10). On December 12, 2017, plaintiff notified the court that he had a new address "effective" that day. (Dkt. No. 34). Plaintiff did not appear for the scheduled deposition on December 14, 2017, and did not inform defense counsel or the court of any reason that he could not attend. (2017 Scott Decl. ¶ 11).

On December 29, 2017, defendants filed a motion to dismiss plaintiff's complaint for lack of prosecution and/or for costs, based on plaintiff's failure to appear at the two scheduled depositions, in violation of this court's orders. (Dkt. No. 35). Plaintiff filed opposition to this motion on January 18, 2018. (Dkt. Nos. 39, 41). Plaintiff argued, in part, that he was incarcerated in Pennsylvania at the time of the second deposition and therefore unable to attend. (Dkt. No. 41 ¶¶ 7-8). He also stated that he was "more than willing" to attend a deposition in this matter. (Dkt. No. 41, ¶¶ 11-13). While this motion was pending, plaintiff notified the court of another change of address. (Dkt. No. 42).

In light of plaintiff's representations, this court did not recommend the harsh sanction of dismissal, and did not impose costs on plaintiff. (Dkt. No. 51, at 7). Instead, on March 1, 2018, this court ordered that plaintiff appear and participate at a rescheduled deposition. (*Id.*) Again, I warned plaintiff that his "failure to appear for an participate in such deposition may result in the imposition of sanctions, including the possible dismissal of his action." (Dkt. No. 51, at 8). I further directed plaintiff to update his contact information with the court and defense counsel, and warned plaintiff that failure to do so, or further disobedience of court orders and directives, may result in the dismissal of his action. (Dkt. No. 51, at 9).

Based on my order, defendants served a third Notice of Deposition on plaintiff, who was then incarcerated at the Downstate Correctional Facility. ("Downstate"). (DKt. No. 70-2, Declaration of William Scott, dated July 27, 2018 ("2018 Scott Decl.") ¶ 5). The deposition was scheduled for April 30, 2018, at Downstate. (*Id*.) In response, plaintiff provided notice that he would be released from Downstate prior to April 30, 2018, and would likely have parole restrictions that limited his ability to travel for a deposition. (2018 Scott Decl. ¶ 6).

In order to coordinate this deposition in light of plaintiff's pending release, the court held a telephone conference with plaintiff and defendants' counsel on April 30, 2018. (Dkt. No. 62). At the telephone conference, plaintiff did not object to a deposition in Albany. (Text Minute Entry Dated April 30, 2018). He explained that he needed approval from his parole officer to travel, and that his next meeting with his parole officer was scheduled for May 7, 2018. (*Id*.). Taking plaintiff's comments into account, I directed defense counsel to notice a deposition for a Monday in June, and to serve it upon plaintiff. (Dkt. No. 65). I also directed plaintiff to contact defense counsel if there were any issues with him attending the deposition as noticed, and warned plaintiff that "his failure to submit to a deposition and/or to follow the orders of this court may result in the imposition of sanctions, including possible dismissal of his action." (*Id*.)

In accordance with my order, defendants sent plaintiff a Notice of Deposition, to appear in Albany on June 11, 2018, at 10:30 a.m. (2018 Scott Decl. ¶ 9). Plaintiff did not appear at the scheduled time on June 11, 2018, and did not communicate with defendants' counsel. (2018 Scott Decl. ¶ 10). Plaintiff eventually arrived late to

4

defendants' offices, at approximately 12:45 pm.[1] (2018 Scott Decl. ¶ 11). At that time, defendants were unable to obtain a stenographer to record plaintiff's deposition. (2018 Scott Decl. ¶ 12).

On notice to the parties, this court convened a telephone conference on July 2, 2018, to address plaintiff's failure to timely attend the deposition. (Dkt. No. 68). Plaintiff did not call into the July 2, 2018 conference. (Text Minute Entry, dated July 2, 2018). A second telephone conference, with notice to the parties, was scheduled for July 13, 2018. (Dkt. No. 69). In my scheduling order, I warned plaintiff that "his failure to call into the court's conference line on 7/13/2018 at 1:00 p.m. and/or follow the orders of this court may result in the imposition of sanctions, including taxation of costs for prior court reporters and possible dismissal of his action." (*Id*.)

Plaintiff did not call into the July 13, 2018 conference, and made no other communication with the court. (Text Minutes Entry dated July 13, 2018). As a result, I granted defendants leave to file a motion to dismiss for failure to prosecute. (*Id*.) Defendants filed the present motion on July 27, 2018, seeking dismissal of plaintiff's case and imposition of the costs associated with the aborted depositions in this proceeding, and served a copy on plaintiff by regular mail at his last known address. (Dkt. Nos. 70, 70-7). Plaintiff did not file a response to this motion, and has had no contact with the court since the April 30, 2018 telephone conference.

---

[1] As set forth in defendants' June 21, 2018 correspondence to the court, plaintiff informed defendants after his arrival that his parole officer would not let him leave before 7 a.m., and that he had missed the 8 a.m. bus to Albany. (Dkt. No. 66). The next bus did not leave until 9 a.m. (*Id*.) According to defendants's correspondence, plaintiff did not offer any excuse for failing to timely contact defendants' counsel regarding these travel issues. (*Id*.)

x
x

## II. Discovery Sanctions/Failure to Prosecute

### A. Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

The Second Circuit has held that, generally, a determination of whether to

dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

**B.     Application**

Defendants have filed the Declaration of Assistant Attorney General ("AAG") William A. Scott in support of this motion to dismiss. (Dkt. No. 70-2). AAG Scott filed a similar declaration in support of defendants' prior motion to dismiss in December 2017. (Dkt. No. 35-6). Through both declarations, AAG Scott has catalogued plaintiff's repeated failures to appear on time, or at all, despite defendants' numerous attempts to schedule and hold his deposition. He has further documented plaintiff's repeated failures to contact defendants when circumstances prevented him from attending. Plaintiff's repeated failures to communicate with the court and his failures to heed the warnings of the consequences of his failure to cooperate in this litigation are also apparent from a review of the docket in this case, as outlined above.

Based on the similar factors applicable to sanctions under Rules 37(d) and 41(b), this court recommends that plaintiff's complaint be dismissed. This court concludes that plaintiff's failure to cooperate with defendants' counsel and to comply with court orders was willful. Even if plaintiff's failure to timely appear at one of his depositions

could be "excused" by his incarceration in Pennsylvania, there is no apparent excuse[2] for plaintiff's repeated lack of communication with defendants' counsel or this court, which have both made numerous attempts to resolve this issue without resorting to sanctions.

The June 14, 2017 MPSO clearly states that plaintiff is required to participate in his deposition, and that sanctions for failure to do so may include dismissal of the action. (Dkt. No. 18). The MPSO is a court order. Plaintiff was also repeatedly warned of the consequences of noncompliance with his obligations in this litigation in my orders dated October 30, 2017, March 1, 2018, April 30, 2018, and July 2, 2018. (Dkt. Nos. 31, 51, 65, 69). Thus, plaintiff has been warned five separate times by this court that his failure to attend his deposition may result in dismissal of the action. The court is well-aware that dismissal is a harsh sanction that may be considered only after determining that lesser sanctions are not appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.2d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Id.* (citations omitted). Plaintiff has been given multiple opportunities to be heard prior

---

[2] Plaintiff was granted IFP status in this proceeding (Dkt. No. 9), but such status does not excuse his failure to meet his responsibilities in this case. *See Quattlebaum v. McDonald*, No. 1:10-CV-1143 (MAD/RFT), 2012 WL 3876724, at *4 (N.D.N.Y. Feb. 6, 2012) (dismissing case where indigent plaintiff simply refused to comply with demand that he appear for deposition, instead of seeking alternate arrangements with counsel or the court).

to and after the filing of defendants' present motion, and has not done so.

The record also shows that defendants have been prejudiced by this delay. In addition to the delay in completion of discovery, defendants have also incurred court reporter costs for the cancelled depositions on September 29, 2017, December 14, 2017, and June 11, 2018. (2017 Scott Decl. ¶¶ 13-14; 2018 Scott Decl. ¶ 13). Defendants provided invoices documenting these charges. (Dkt. Nos. 35-11, 35-12, 70-6).

This court has considered lesser sanctions. On March 1, 2018 and April 30, 2018, I ordered plaintiff to appear for a deposition in June 2018, on a date to be agreed upon by the parties, once plaintiff had consulted with his parole officer. (Dkt. Nos. 51, 65). Plaintiff made little to no effort to comply with that order. Because plaintiff is IFP, monetary sanctions would likely be ineffective.[3] Preclusion of his testimony would be tantamount to dismissal, thus, preclusion is not an appropriate sanction at this time. The court also notes that the instant motion has given plaintiff yet another opportunity to respond in opposition to the sanction of dismissal, or to respond in any way to defendants' allegations, but he has failed to do so.

Through most of this litigation, plaintiff has responded intermittently to correspondence from defendants' counsel and from this court, and updated his mailing address as recently as March 19, 2018. (Dkt. No. 56). Therefore, this court must presume that plaintiff has received the materials that defendants and the court sent him, including this motion to dismiss, but has willfully chosen to ignore them. It appears that plaintiff has chosen to abandon this action in addition to abandoning his deposition. However, in fairness to the pro se plaintiff, this court will recommend that

---

[3] For example, the court could order payment to defendants of $167.80 in court reporter costs, incurred as a result of the cancelled depositions.

9

the District Judge dismiss this action pursuant to Fed. R. Civ. P. 37 and 41 *if plaintiff fails to file meritorious objections to this Report-Recommendation within the time allotted to do so.*  If plaintiff ignores this Recommendation, then it is clear that he has no interest in pursuing this action.  If plaintiff files objections to the Recommendation, then the court may, if it deems appropriate, refer the case back to me to determine whether a lesser sanction under Rule 37, such as the imposition of costs, would be appropriate.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 70) be **GRANTED**, and the complaint **DISMISSED WITH PREJUDICE**, unless plaintiff files meritorious objections within the time allotted below, and if plaintiff files such objections, and the District Court deems it appropriate, it is

**RECOMMENDED**, that the case be referred to me for consideration of an alternative sanction, such as the imposition of costs.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:    October 4, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge